UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORETEK, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TOM PETERSON,<br><br>　　　　　　Defendant. | Case No. 24-11429<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

### ORDER REGARDING PLAINTIFF'S *EX-PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

This Court, having reviewed plaintiff's verified complaint and attachments (ECF No. 1), and having considered the arguments presented by plaintiff in its *ex-parte* motion for a temporary restraining order (ECF No. 2), finds that plaintiff has not satisfied Federal Rule 65(b)(1)'s requirements for granting a temporary restraining order without written or oral notice to the defendant or his attorney.

Rule 65(b)(1)(A) permits a temporary restraining order to issue without notice to the adverse party or his counsel only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition* . . . ." (emphasis added).

Defendant's alleged surreptitious downloading of plaintiff's proprietary data occurred in January 2024. ECF Nos. 1, 1-7. Plaintiff has had reason to suspect that defendant misappropriated plaintiff's proprietary source code and used it for the benefit of its direct competitor since early April 2024. ECF Nos. 1-5, 1-7. Whatever irreparable injury, loss, or damage plaintiff has suffered because of defendant's alleged adverse actions has transpired for several months. Notably, to support its request to side-step the notice requirement, plaintiff argues only that notice "may result in additional and imminent adverse actions" such as acceleration or proliferation of defendant's unlawful actions or destruction of material evidence. ECF No. 2. The Court finds this speculative averment of additional harm insufficient and further finds that no specific facts alleged in the verified complaint "clearly show" an additional or new injury would result from the brief time it will take to serve and hear from the defendant on this matter.

Additionally, although plaintiff's attorney certifies in writing why the notice requirement should be excused, that certification does not indicate

any effort to notify defendant of plaintiff's motion as required by Rule 65(b)(1)(B).

Accordingly, the Court **ORDERS** plaintiff to serve its motion and a copy of this order on defendant, confer with defendant's attorney(s), and notify the Court of the parties' earliest availability to participate in a telephonic status conference with the Court. If plaintiff is unable to serve and confer with defendant's attorney(s) by June 6, 2024, plaintiff may supplement its motion with an amended certification to fully comply with Rule 65(b)(1).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: May 30, 2024